IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                          |   |                     |
|--------------------------|---|---------------------|
| **VICTOR A. WHITTAKER,** | * |                     |
| Plaintiff                | * |                     |
| v.                       | * | CIVIL NO. JKB-09-3135 |
| **MORGAN STATE UNIV.** *et al.*, | * |             |
| Defendants               | * |                     |

## MEMORANDUM AND ORDER

### *I. Background*

Plaintiff Victor A. Whittaker, formerly a Professor of Economics at Morgan State University ("Morgan State"), sued Morgan State as well as seven administrators (Morgan State President David Wilson plus the six "Individual Defendants") and two students at Morgan State, alleging violations of various rights in connection with the termination of Whittaker's employment in November 2008. (*See* JKB-10-3370, Compl., ECF No. 1; JKB-09-3135, Compl., ECF No. 1.)[1] The procedural history of these consolidated cases has been irregular to say the least and is detailed in this Court's Memorandum of September 12, 2011. (JKB-09-3135, ECF No. 48 at 1–6.) Pending before this Court is the Individual Defendants' Motion for Reconsideration of the Court's Order of September 12, 2011. The Individual Defendants contend that the Court erred in ruling that the defense of qualified immunity was unavailable to them because they did not plead such defense in their answers. (JKB-09-3135, Defs.' Mot. for

---

[1] The two students were dismissed from the case at Whittaker's request. (JKB-10-3370, ECF No. 32.) David Wilson was dismissed from the case pursuant to the Order of September 12, 2011. (JKB-09-3135, ECF No. 49.) The "Individual Defendants" include all remaining Defendants sued in their individual capacities. Morgan State also remains as a defendant in the Title VII count.

Recons., 1, ECF No. 53.) In the alternative, the Individual Defendants seek leave to amend their answers to assert the defense of qualified immunity. (*Id.*)

## II. Legal Standard: Motion for Reconsideration

Rule 54(b) of the Federal Rules of Civil Procedure provides that "[a]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time." Fed. R. Civ. P. 54(b). Consequently,

> motions for reconsideration of orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment, but instead, are committed to the discretion of the district court. Thus, whereas reconsideration of final judgments are [sic] appropriate only (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice, *reconsideration of interlocutory orders can be based on many other rationales*. These rationales include those listed above, and the rationale of accommodating judicial mistake, inadvertence, surprise or excusable neglect; or any other reason justifying relief from the operation of the judgment.

*Nat'l Cas. Co. v. Lockheed Martin Corp.*, Civ. No. AW-05-1992, 2010 WL 1490027, at *2 (D. Md. April 12, 2010) (internal quotations and citations omitted) (emphasis added).

## III. Analysis

### A. Timeliness of Individual Defendants' Assertion of Qualified Immunity

The Individual Defendants rely principally on *Ridpath v. Bd. of Governors of Marshall Univ.*, 447 F.3d 292 (4th Cir. 2006), for their contention that they are entitled to raise the defense of qualified immunity notwithstanding the fact that they did not assert it before an untimely Motion to Dismiss. (*See* JKB-09-3135, ECF No. 53-1, at 2–4.) In *Ridpath*, the defendants moved for dismissal under Federal Rule 12(b)(6) but did not assert qualified immunity as a basis for dismissal. 447 F.3d at 303. One month later, after the plaintiff had filed his response in opposition to the motion to dismiss, the defendants asserted the defense of qualified immunity

for the first time in their reply to the plaintiff's response. *Id.* The district court addressed the merits of the defendants' assertion of qualified immunity in its opinion on the Rule 12(b)(6) motion, ruling that the defendants were not entitled to the defense. *Id.* at 303–04. On the defendants' interlocutory appeal of the district court's qualified immunity ruling, the Fourth Circuit held that because the district court had addressed the qualified immunity defense and because the untimeliness of the defendants' assertion of qualified immunity had not prejudiced the plaintiff, it could consider the defense in the interlocutory appeal despite the defendants' untimely assertion of it. *Id.* at 305–06.

The Individual Defendants' reliance on *Ridpath* is misplaced. While the *Ridpath* defendants asserted qualified immunity later in the proceedings than they should have done, there is nothing to indicate that their reply to the plaintiff's response in opposition to the Rule 12(b)(6) motion was untimely. *See id.* at 303 (reply was filed ten days after response). The Individual Defendants here, on the other hand, have missed multiple deadlines without explanation and without requests for extension of time. (*See* JKB-09-3135, ECF No. 48, at 2–4.) The untimeliness at issue in *Ridpath* falls far short of the casual attitude with which the Defendants have treated filing deadlines in the case at bar. (*See id.*) The *Ridpath* court held that a district court may refuse to consider an issue raised for the first time in a reply brief (i.e., after one chance to raise the issue has passed), although the district court in that case had chosen to consider the issue. 447 F.3d at 305 (citing *Montalvo v. Park Ridge Police Dep't*, 170 F.Supp.2d 800, 803 (N.D. Ill. 2001)). If a district court may refuse to consider an issue raised for the first time after a party has had one chance to raise it, then, *a fortiori*, it may refuse to consider an issue raised for the first time after a party has had several chances to raise it. The Individual Defendants could have asserted qualified immunity on or before April 4, when responsive

pleadings were due, on or before May 2, when they actually filed answers, or on or before July 14, when responsive pleadings to the amended complaint were due. (*See* JKB-09-3135, ECF No. 48, at 2–3.) Instead, they waited until August 4 to assert qualified immunity. (*See id.* at 3, 10). This Court has been more than patient with Defendants, and the Individual Defendants' failure to assert qualified immunity despite at least three chances to do so bars them from raising the defense now. For the same reason, the Individual Defendants cannot now amend their answers to include the defense of qualified immunity.

### B. *Merits of Individual Defendants' Assertion of Qualified Immunity*

Even assuming that the Individual Defendants' assertion of qualified immunity is timely, the defense lacks merit. Government officials sued under 42 U.S.C. § 1983 may assert qualified immunity as a defense unless "(1) the allegations underlying the claim, if true, substantiate the violation of a federal statutory or constitutional right; and (2) this violation was of a 'clearly established' right 'of which a reasonable person would have known.'" 447 F.3d at 306 (internal citations omitted). Because qualified immunity is an affirmative defense, *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982), a defendant must demonstrate that at least one of these two conditions does not apply. This Court has already found that the Individual Defendants' assertion of qualified immunity as set forth in their Motion to Dismiss has no merit. (JKB-09-3135, ECF No. 48, at 10.) The Individual Defendants have not asked this Court to reconsider such finding; on the other hand, they appear to concede it. (*See* JKB-09-3135, ECF No. 53-1, at 2; *Id.,* ECF No. 55, at 2.) The Individual Defendants' argument appears to be that if they are granted leave to assert qualified immunity, either in their amended answers or at some other stage in the proceedings, they will be able to put forth a meritorious defense. However, they have given this Court no indication that they would have anything new to add to their qualified immunity

4

argument. The Individual Defendants' assertion of qualified immunity therefore remains unpersuasive.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion for Reconsideration of this Court's Order of September 12, 2011 is DENIED.

DATED this 29th day of November, 2011.

BY THE COURT:

/s/
James K. Bredar
United States District Judge