IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **VICTOR A. WHITTAKER,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-09-3135 |
| **MORGAN STATE UNIV.** *et al.*, | * | |
| Defendants | * | |

## MEMORANDUM AND ORDER

### I. Background

Pending before this Court is Defendants' Motion to Strike (ECF No. 57) Plaintiff Victor A. Whittaker's Motion to Compel (ECF No. 56) for failure to comply with Local Rule 104.8(a). Specifically, Defendants allege that Plaintiff was late in filing the Motion to Compel. Plaintiff filed a timely response to the Motion to Strike. (ECF No. 58.) Defendants' reply was due on November 28 and has not been filed. Therefore, the Motion to Strike is ripe. No hearing is necessary. D. Md. Loc. R. 105.6. The motion is DENIED.

### II. Analysis

Local Rule 104.8(a) of the United States District Court for the District of Maryland sets particular requirements that a party must meet before filing a Motion to Compel. Specifically, it requires the moving party to "serve a motion to compel within thirty (30) days of the [moving] party's receipt" of a discovery response that the moving party considers deficient. D. Md. Loc. R. 104.8(a). Defendants contend that Plaintiff "filed his motion to compel beyond the 30 day [sic] deadline set forth in Loc. R. 104.8(a)." (Defs.' Mot. Strike ¶ 2.) As Plaintiff correctly

notes, Defendants confuse "filing" with "service." (Pl.'s Opp. 4.) For the purposes of this Memorandum and Order, the Court will construe the Motion to Strike as alleging late service rather than late filing since, as Plaintiff notes, "Rule 104.8(a) says nothing . . . about any deadline for filing such motions [to compel] with the Court." (*Id.*)

By Defendants' calculation, they responded to Plaintiff's discovery requests no later than August 9. (Defs.' Mot. Strike ¶ 3.) By this logic, September 26, the date on which Plaintiff served Defendants with the Motion to Compel (*Id.* ¶ 9), was well beyond the time allowed under Local Rule 104.8(a). Plaintiff presents a different timeline. Plaintiff alleges that Defendants' responses were delivered[1] "on a rolling schedule" from August 4 to August 13. (Pl.'s Opp. 1.) He alleges that he found these responses deficient and so notified Defendants, whose counsel again responded "on a rolling basis" between August 25 and September 1. (*Id.*)[2] Local Rule 104.8(a) directs a party "dissatisfied with *the response*" to a discovery request to serve a Motion to Compel within thirty days of its "receipt of *the response*." D. Md. Loc. R. 104.8(a) (emphases added). It seems reasonable to regard Defendants' serial and supplemental responses as one collective response. Since Defendants began responding to Plaintiff's deficiency notices on August 25, Plaintiff had, at the very least, thirty days from August 25 to serve a Motion to Compel with respect to that response by Defendants. Thirty days from August 25 was September 24, a Saturday, giving Plaintiff until the end of Monday, September 26, to serve the Motion to Compel. Fed. R. Civ. P. 6(a)(1)(C) (a period stated in days or longer that ends on a Saturday, Sunday, or legal holiday "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Plaintiff served the Motion to Compel on September 26.

---

[1] Plaintiff also confuses "filing" with "service." (Pl.'s Opp. 1.)
[2] Defendants may disagree with these dates. However, since their time for filing a reply has expired and they have not provided any other dates, the Court will take these dates to be true.

Therefore, Plaintiff's other arguments are unnecessary; his Motion to Compel was served on time.[3]

Two other matters are worth noting. First, Defendants complain that Plaintiff's counsel "did not allow Morgan State University's in-house counsel to participate" in a late October telephone conference call regarding discovery. (Defs.' Mot. Strike ¶ 11.) While it would have been polite for Plaintiff's counsel to allow in-house counsel to participate, she was not obligated to do so since no in-house counsel for Morgan State University has entered an appearance in this case. Second, Plaintiff requests that this Court sanction Defendants "for their recalcitrant behavior." (Pl.'s Opp. 6.) This Court finds no grounds for sanctioning Defendants at this time.

### III.  Conclusion

For the foregoing reasons, Defendants' Motion to Strike Plaintiff's Motion to Compel is DENIED.

DATED this 30th day of November, 2011.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[3] The Court cannot help but observe the irony in Defendants' motion, premised on alleged untimely service and/or filing by Plaintiff. Defendants have repeatedly failed to govern themselves by applicable deadlines but now complain about Plaintiff's alleged untimeliness. This circumstance may, in itself, provide justification for denial of Defendant's motion.