# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**VICTOR A. WHITTAKER,**

    **Plaintiff**

    v.                                     **CIVIL NO. JKB-09-3135**

**MORGAN STATE UNIV. *et al.*,**

    **Defendants**

## MEMORANDUM AND ORDER

### I. Background

Pending before this Court is Plaintiff's Motion to Compel (ECF No. 56) the production of certain documents and answers to certain interrogatories by Defendants. Plaintiff specifies twelve Requests for Production and six interrogatories[1] to which Defendants have allegedly failed to provide satisfactory responses. (*See* Pl.'s Mem. Supp. Mot. Compel 7–20.) Plaintiff has submitted all documents required under Local Rule 104.8(a). This motion is ripe. No hearing is necessary. D. Md. Loc. R. 105.6. The motion is GRANTED IN PART and DENIED IN PART.

### II. Legal Standard: Motion to Compel

Pursuant to Federal Rule of Civil Procedure 37(a)(1), a party "may move for an order compelling disclosure or discovery" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without

---

[1] Plaintiff groups Interrogatories 13 and 14 together as one (Pl.'s Mem. Supp. Mot. Compel 18, ECF No. 56-1), as do Defendants (Defs.' Resp. to Pl.'s Mot. Compel 6, ECF No. 56 Ex. B). The Court will treat these two Interrogatories as one for the purpose of this Memorandum and Order. Incidentally, Defendants are encouraged to include page numbers in all of their filings.

court action." Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). To be relevant in discovery, information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Matters pertaining to discovery are "within the broad discretion of the trial court." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998), citing *Gandhi v. Police Dep't of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984). This Court may order the production of documents or the answers to interrogatories as long as the information sought satisfies the standard of Rule 26(b)(1).

## III. Analysis

### A. Discovery Requests to Morgan State University

Plaintiff's Motion to Compel seeks the production of twelve documents or sets of documents and six answers to interrogatories. The Court will address each one in turn.

**Request for Production 1** seeks "[a]ny and all documents Defendant or any of Defendant's agents or representatives gathered, reviewed or created in the process of the 2008 investigation of the charges addressed in the hearing on November 20, 2008." (Pl.'s Mem. 7–8.) Defendant Morgan State University ("MSU") claims that it has already produced all documents responsive to this request. (Defs.' Resp. 2.) Plaintiff believes that more relevant documents exist, and he has submitted an extensive list of the types of information that he seeks through this request. (*See* Deficiency Notice Sent to MSU 1–7, ECF No. 56 Ex. 15.) Since the information sought relates to the charges against Plaintiff allegedly supporting the termination of his employment at MSU, any documents responsive to this request must be produced. With respect to Request for Production 1, Plaintiff's Motion to Compel is GRANTED to the extent that such

documents exist, are in the possession of Defendant Morgan State University, and have not already been produced. It is otherwise DENIED.

**Request for Production 2** seeks "[a]ny and all correspondence, including emails, letters, or memoranda, to and from Plaintiff to any Defendant in either[2] of the above-captioned actions, or any agent or representative of any such Defendant." (Pl.'s Mem. 8.) MSU finds this request "overly broad and unclear." (Defs.' Resp. 3.) The Court disagrees that the request is unclear but agrees that it is overly broad. MSU claims that it has already produced Plaintiff's personnel file, including "e-mails, letters or memoranda that cover Plaintiff's employment at MSU, including documents regarding the termination hearing." This response by MSU is too narrow. Communications between Plaintiff and Defendants or their agents or representatives relating to any alleged misconduct by Plaintiff, particularly any misconduct used as grounds for Plaintiff's termination, must also be produced. With respect to Request for Production 2, Plaintiff's Motion to Compel is GRANTED to such extent and otherwise DENIED.

**Request for Production 10** seeks "[a]ny and all evaluations of Plaintiff, whether prepared by students or by other Morgan State University faculty or staff." (Pl.'s Mem. 9.) MSU claims that it has already produced "whatever evaluations exist." (Defs.' Resp. 3.) Plaintiff has not articulated specific facts behind his assertion that more evaluations exist (*see* Pl.'s Mem. 9). With respect to Request for Production 10, Plaintiff's Motion to Compel is DENIED.

**Request for Production 12** seeks "[t]he official transcripts of any student who filed a complaint against Plaintiff." (Pl.'s Mem. 10.) MSU claims that these transcripts are irrelevant and that the Family Educational Rights and Privacy Act ("FERPA") protects the transcripts from

---

[2] Plaintiff first made this request before the two cases in this matter were consolidated. (Pl.'s Mem. 8.)

release without the students' consent.[3] (Defs.' Resp. 3.) The Court disagrees with Defendants' objections. These transcripts are relevant to Plaintiff's claim that Defendants recruited students to file complaints against him because, as Plaintiff notes, "[t]he students' susceptibility to recruitment is quite relevant" to the issue of whether such students were in fact recruited. (Pl.'s Reply 4.) While Defendants are correct that FERPA generally bars the release of student transcripts without students' consent, FERPA allows the release of records without student or parental consent pursuant to a court order as long as the affected students and parents are notified before the records are released. 20 U.S.C. § 1232g(b)(2)(B). With respect to Request for Production 12, Plaintiff's Motion to Compel is GRANTED. MSU is ORDERED to notify all affected students and parents before complying with this request. Any documents produced on this point shall be treated by both parties as confidential and appropriately safeguarded. After production, the copies produced may not be further reproduced or circulated without express permission of the Court.

**Request for Production 13** seeks "[a]ny and all student complaints filed against any and all faculty at Morgan State University from 1994 to date." (Pl.'s Mem. 10.) MSU objects on the grounds that the request is overly broad and seeks irrelevant documents. (Defs.' Resp. 4.) The Court agrees that the request is overly broad because it is not limited to student complaints similar in nature to the student complaints against Plaintiff. With respect to Request for Production 13, Plaintiff's Motion to Compel is DENIED.

**Request for Production 14** seeks "[a]ny and all documents describing the manner in which complaints against faculty at Morgan State University, whatever the source, are to be handled by the University or its agents and representatives." (Pl.'s Mem. 11.) MSU responds that it has already produced documents stating its policy for handling discrimination and sexual

---

[3] FERPA is codified at 20 U.S.C. § 1232g.

harassment claims against faculty members. (Defs.' Resp. 4.) As Plaintiff notes, however, many of the charges against him were for offenses other than discrimination, and none was for sexual harassment. (*See* Deficiency Notice 2–7.) MSU's policies and procedures relating to handling of complaints against faculty are relevant to this case. To the extent that Defendants have not produced documents regarding such policies and procedures, Defendants shall produce such documents. With respect to Request for Production 14, Plaintiff's Motion to Compel is GRANTED to such extent and otherwise DENIED.

**Request for Production 17** seeks "[a]ny and all documents recording which members of the faculty were granted and which members were denied summer employment from 1994 to 2008." (Pl.'s Mem. 12.) Plaintiff claims that he was denied summer employment "as part of the longstanding expression of hostility and discriminatory and retaliatory animus" against him. (*Id.*) MSU objects to the request on relevance grounds. (Defs.' Resp. 4.) It appears that Plaintiff is attempting to revive his claim for discrimination in terms and conditions of employment (Count IV), which was dismissed pursuant to this Court's Order of September 12 (ECF No. 48). Information relevant only to a dismissed count is not relevant to the case. Plaintiff has failed to explain satisfactorily how the information sought in Request 17 relates to any of the remaining counts (Counts I, III, and V). With respect to Request for Production 17, Plaintiff's Motion to Compel is DENIED.

**Request for Production 18** seeks "[a]ny and all documents relating to pay rate increases granted or denied to Plaintiff during the time of his employment at Morgan State University." (Pl.'s Mem. 12.) Once again, Defendant objects on relevance grounds. (Defs.' Resp. 4.) None of the remaining claims in this case relates to pay rates. With respect to Request for Production 18, Plaintiff's Motion to Compel is DENIED.

5

**Request for Production 19** seeks "[a]ny and all documents recording or otherwise discussing faculty attendance in the classes those faculty members teach, including but not limited to records of time of arrival, time of dismissal, and times when faculty cancel or otherwise do not appear for class." (Pl.'s Mem. 13.) The Court finds that the request is overbroad. With respect to Request for Production 19, Plaintiff's Motion to Compel is DENIED.

**Request for Production 23** seeks "[a]ny and all documents relating to requests by faculty, including Plaintiff, for changes in class schedules at any time between [sic] 1994 to 2008, including policies for resolving those requests." (Pl.'s Mem. 14.) MSU claims that such documents are not relevant to any count remaining in the case. (Defs.' Resp. 5.) The Court agrees with Defendant. With respect to Request for Production 23, Plaintiff's Motion to Compel is DENIED.

**Request for Production 24** seeks "[a]ny and all documents reporting or describing faculty disciplinary hearings from 1994 to date." (Pl.'s Mem. 14.) MSU responds that it has already provided all such documents. (Defs.' Resp. 5.) Plaintiff relies "[u]pon information and belief" for his assertion that there are additional documents that MSU has not produced. (Pl.'s Mem. 14.) Plaintiff has failed to provide a sufficient basis on which to base this request. With respect to Request for Production 24, Plaintiff's Motion to Compel is DENIED.

**Request for Production 30** seeks "[a]ny and all documents mentioning or relating to complaints by any person whatsoever that Morgan State University or its administration and staff have exhibited discriminatory behavior on the basis of national origin." (Pl.'s Mem. 15.) MSU objects that the Court has dismissed the disparate treatment count (Count IV). (Defs.' Resp. 5.) Once again, Plaintiff attempts to revive a claim that the Court has dismissed. With respect to Request for Production 30, Plaintiff's Motion to Compel is DENIED.

**Interrogatory 2** asks MSU to "identify any persons by name, address, and employment and job title who have any knowledge of the events upon which the charges at the November 20, 2008 hearing were based." (Pl.'s 1st Set of Interrogs. to MSU 4, ECF No. 56 Ex. 1A.[4]) MSU responds that it can provide former students' addresses and telephone numbers but cannot verify whether such information is current. (Defs.' Resp. 6.) MSU must produce any information in its possession responsive to this Interrogatory. With respect to Interrogatory 2, Plaintiff's Motion to Compel is GRANTED to the extent that such information exists and is in the possession of Defendant Morgan State University. It is otherwise DENIED.

**Interrogatory 7** asks MSU to "identify any persons by name, address, and employment and job title who have been the subject of student complaints from 1994 to date." (Pl.'s 1st Set of Interrogs. 6.) MSU argues that this interrogatory is overbroad and irrelevant if applied to persons outside of the College of Liberal Arts, where Plaintiff was employed. (Defs.' Resp. 6.) It has chosen to limit the scope of the Interrogatory to the College of Liberal Arts. Whether this limitation is valid may be questioned, but the scope of the Interrogatory is overbroad in any case. With respect to Interrogatory 7, Plaintiff's Motion to Compel is DENIED.

**Interrogatory 13** asks MSU to "identify any and all faculty members who have faced disciplinary hearings since 1994, and for each such faculty member [to] state his or her race, ethnicity, sex, religion and national origin." (Pl.'s 1st Set of Interrogs. 9.) **Interrogatory 14** asks MSU to "state the resolution of each of the disciplinary hearings identified in response to [Interrogatory 13]." (*Id.* 10.) MSU claims that it has identified such faculty members and the resolution of such hearings. (Defs.' Resp. 6.) Plaintiff believes that MSU "did not include all the disciplinary hearing [sic] and actions that took place" and "suppressed" other information

---

[4] Plaintiff does not label the sets of Interrogatories and Requests for Production of Documents "Exhibit 1A, Exhibit 1B," etc., but names the sets "Exhibit 1" collectively. The more specific designations are added here to eliminate any ambiguity.

responsive to this Interrogatory. (Pl.'s Reply 6.) This belief may be due, at least in part, to the wording employed by MSU. Specifically, MSU gave information (through the response of Defendant Burney Hollis) for "[t]he following five members." (Hollis Ans. to Pl.'s 1st Set of Interrogs. 5–6, 6, ECF No. 56 Ex. 3D.) Notably, in a follow-up response, Hollis limited his response to the College of Liberal Arts. (*See* Hollis Deficient Interrog. Ans. 8, ECF No. 56 Ex. 11C.) The Interrogatory is directed at the University as a whole. Therefore, to the extent that MSU has not provided information beyond the College of Liberal Arts, with respect to Interrogatories 13 and 14, Plaintiff's Motion to Compel is GRANTED.

**Interrogatory 16** asks MSU to "state whether [it] maintains any records of faculty attendance in the classes those faculty members teach, including records of time of arrival, time of dismissal, and times when faculty cancel or otherwise do not appear for class." (Pl.'s 1st Set of Interrogs. 10.) MSU objects on relevance grounds. (Defs.' Resp. 6–7.) With respect to Interrogatory 16, Plaintiff's Motion to Compel is GRANTED.

**Interrogatory 17** asks MSU to "list all faculty pay rate increases from 1994 to 2008." (Pl.'s 1st Set of Interrogs. 10–11.) MSU objects on relevance grounds. (Defs.' Resp. 7.) For the reasons stated *supra* in the discussion of Request for Production 18, with respect to Interrogatory 17, Plaintiff's Motion to Compel is DENIED.

Finally, **Interrogatory 21** asks MSU to "state the Morgan State University policy on course overload from 1994 to 2009." (Pl.'s 1st Set of Interrogs. 12.) MSU objects on relevance grounds. (Defs.' Resp. 7.) Plaintiff's explanation that such information is relevant because it relates to "discriminatory animus" (*see* Pl.'s Reply 6) is insufficient to overcome MSU's objection. With respect to Interrogatory 21, Plaintiff's Motion to Compel is DENIED.

### B. Discovery Requests to the Individual Defendants

Plaintiff complains generally of the Individual Defendants' alleged refusals to respond to his discovery requests.[5] (*See* Pl.'s Mem. 20–22.) However, most of his criticisms do not relate to any specific Request for Production or Interrogatory. (*See id.*) The only specific requests to which he refers in this section of his Memorandum are Interrogatories 13 and 14. (*Id.* 21.) This Court cannot grant relief where Plaintiff "does not specify . . . the alleged deficiencies in the answers of the individuals" (Defs.' Resp. 8). To the extent that Plaintiff alleges deficiencies in the Individual Defendants' responses to Interrogatories 13 and 14, Plaintiff's Motion to Compel is GRANTED with respect to said Interrogatories for the reasons given *supra* in the discussion of MSU's response to those Interrogatories and is otherwise DENIED.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel (ECF No. 56) is GRANTED IN PART and DENIED IN PART as detailed above.

DATED this 12th day of December, 2011.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[5] As used in this Memorandum and Order, "Individual Defendants" refers to all Defendants other than MSU.