IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VICTOR A. WHITTAKER, | |
| Plaintiff | |
| v. | CIVIL NO. JKB-09-3135 |
| MORGAN STATE UNIVERSITY, | |
| Defendants | |

## MEMORANDUM AND ORDER

In a prior order, Defendant Morgan State University was directed to produce in discovery student transcripts for any student who filed a complaint against Plaintiff Victor A. Whittaker. (ECF No. 65.) The university was ordered to notify all affected students and parents, pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, of the impending release. Further, the Court ordered:

> Any documents produced on this point shall be treated by both parties as confidential and appropriately safeguarded. After production, the copies produced may not be further reproduced or circulated without express permission of the Court.

The Court has received letters from two people, M.S.H. and C.C.J.,[1] who object to the release of their transcripts. (ECF Nos. 67 & 68.) C.C.J. identifies himself as a former student and graduate of the university; M.S.H. does not indicate whether she is a current student or a former student.

Although FERPA requires notification by the university to the students (or parents if a student is a minor) in advance of compliance with a judicial order, *see* 20 U.S.C.

---

[1] The Court identifies the students by their initials only as they are not parties and intrusion on their privacy is unnecessary to the resolution of this issue.

§ 1232g(b)(2)(B), the statute does not contain a mechanism by which students may file formal objections with a court. The applicable regulation, 34 C.F.R. § 99.31(A)(9)(ii), purports to grant a right to students to seek protective action, but it is unlikely that a federal agency can confer jurisdiction upon a court where Congress has refrained from doing so. In *Rios v. Read*, 73 F.R.D. 589 (E.D.N.Y. 1977), another court found it "pointless" to require notification if students have no opportunity to object. *Id.* at 601. On the contrary, in fact a student may well value, appreciate, profit from, and therefore have an interest in merely knowing that his or her transcript has been released, even if he or she has no chance to object. In addition, the *Rios* court compared § 1232g(b)(2)(B)'s right of notification of disclosure pursuant to court order to § 1232g(a)(2)'s right to challenge, via hearing at the applicable institution or agency, the content of educational records and concluded they embodied similar concerns. 73 F.R.D. at 601. This Court does not agree. The right to ensure accurate content of student records is fundamentally different from the right to be notified of disclosure of records. That Congress required educational agencies and institutions to afford hearings for the former purpose and chose not to create a judicial avenue for objecting to the latter is fully consistent with the different concerns these two rights embrace. Therefore, Congressional action creating the right to notification without a corresponding right to object is not necessarily illogical, and there is no basis for the Court to amend the statute to create such a right. Thus, the Court concludes M.S.H. and C.C.J. have no standing to intervene in this lawsuit that does not otherwise concern them.

Even if the Court were to treat these two individuals as proper intervenors, their objections fail to have any merit. Both generally object to the release of their transcripts, but neither advances a specific, compelling reason why their preference for nondisclosure should override the Court's determination that disclosure is appropriate and relevant in the context of this case. Moreover, the Court reiterates the specific protective measures in its prior order.

Accordingly, treating the students' objections as motions to intervene, the Court DENIES them.

SO ORDERED.

DATED this __/__ day of February, 2012.

BY THE COURT:

*/s/ James K. Bredar*
James K. Bredar
United States District Judge